THE CHARLES SPEAR.

THE SUSQUEHANNA.

(District Court, S. D. New York. December 27, 1905.)

MARITIME LIENS—LIFE PRESERVERS FURNISHED VESSELS—LIEN BY AGREEMENT AND BY STATUTE OF NEW JERSEY.

One who furnished life preservers for vessels in a New Jersey port, in reliance on a statement by the owner that the vessels were sufficient security, is entitled to a lien by contract, and also under the New Jersey statute, which gives a lien for any equipment furnished a vessel under contract with the owner.

[Ed. Note.—Maritime liens created by state laws, see note to The Electron, 21 C. C. A. 21.]

In Admiralty. Suits to enforce liens for the price of life preservers furnished the libeled vessels.

Lindsay, Kremer, Kalish & Palmer, for libelant.
Alexander & Ash, for claimants.

ADAMS, District Judge. These actions were brought by the Armstrong Cork Company, a corporation of the state of Pennsylvania, to recover the value of 2,000 life preservers furnished to the barges Charles Spear and Susquehanna in June, 1905. There is no substantial dispute about the goods having been furnished, but the claimants allege that they were not supplied upon the credit of the barges but to the Myers Excursion and Transportation Company and upon its credit.

It appears that the libelant sold 2,000 life preservers, 596 of which were delivered on board of the Susquehanna, at the foot of 32nd street in the borough of Brooklyn, and 404 in Jersey City. The 1,000 for the Spear were delivered in Jersey City. The reasonable value of the whole lot was $1,644.70.

The testimony shows that the libelant had before sold goods of the same character to the Myers Company for which the payment was slow. When this transaction was in question, the libelant directed its selling agent to investigate the responsibility of the Myers Company. He was informed by the vice president of that company that the barges were sufficient security for the amount of the bill. This was duly reported to the executive officer of the libelant, who relied upon the security of the barges in making the sale, and it follows that a lien existed by agreement. Such being the case and the credit of the vessels being in contemplation, the statute of New Jersey also applies so far as the goods furnished there are concerned. This statute, appearing in General Statutes of New Jersey, 1966, provides:

"That whenever a debt shall be contracted by the master, owner, agent or consignee of any ship or vessel within this state for either of the following purposes:

(1) On account of any work done, or materials or articles furnished in this state, for or towards the building, repairing, fitting, furnishing or equipping such ship or vessel;

(2) * * *

(3) * * *

Such debt shall be a lien upon such ship or vessel, her tackle, apparel and furniture, and continue to be a lien on the same until paid, and shall be preferred to all other liens thereon except mariner's wages."

There will be a decree for the libelant against the Spear for $800, and against the Susquehanna for $844.70, with interest.